IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL HENRY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 09-0654-CG-N |
| | ) | |
| BOBBY LEBARRY HILL, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DISMISSING FICTITIOUS PARTY**

Plaintiff lists "the insurer for Mr. and Mrs. Thomas C. McArthur's Lexus Automobile VIN JTHBE96S580030032 on July 24th, 2008" (hereafter "the insurer") as a defendant in this case and has submitted a summons for same.  The court notes that the address stated in the proposed summons for "the insurer" is "C/O Mr. & Mrs. Thomas C. McArthur" at the McArthur's address.   However, the Federal Rules of Civil Procedure require that the "title of the complaint must name all the parties." FED. R. CIV. P. 10(a) (emphasis added).  A summons must also name the parties, must be directed to a defendant and must notify that defendant of the complaint. See FED. R. CIV. P. 4(1).  Notifying another defendant, even if the other defendant may have information regarding the identity or whereabouts of the defendant plaintiff wishes to serve, is not sufficient.  This court cannot issue a summons to a defendant unless the plaintiff provides the name and address of that defendant.   Fictitious party pleading is not generally recognized under the Federal Rules of Civil Procedure.  See, e.g., FED. R. CIV. P. 10(a); 28 U.S.C. § 1441(a); Rommell v. Automobile Racing Club of America, Inc., 964 F.2d 1090, 1098 n. 14 (11th Cir. 1992); Weeks v. Benton, 649 F.Supp. 1297, 1298 (S.D.Ala. 1986). "The insurer" listed as a defendant in plaintiff's complaint is hereby **STRICKEN** as a fictitious party.  Plaintiff

may move to amend his complaint to add a defendant if he determines the name and address of the defendant he wishes to serve.

      **DONE** and **ORDERED** this 22nd day of October, 2009.

                             /s/ Callie V. S. Granade
                            **CHIEF UNITED STATES DISTRICT JUDGE**