IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL HENRY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION 09-00654-CG-N |
| | ) | |
| BOBBY LEBARRY HILL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

This action has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and is before the Court on the Motions to Dismiss of Defendants, W.R. Umeck, Zurich North American Insurance Company, Bobby Hill, Craig Matthews, Springhill Toyota/Lexus of Mobile, Thomas McArthur, and Anne McArthur.  (Docs. 17, 35).  After consideration of the pleadings, and for the reasons set forth below, it is recommended that Defendants' Motions to Dismiss be **GRANTED**.

I. FACTUAL AND PROCEDURAL BACKGROUND

On October 6, 2009, Plaintiff, Michael Henry Smith, commenced the present action against the above-named Defendants.[1]  (Doc. 1).  In his Complaint, Plaintiff alleges that, on July 24, 2008, at approximately 9:40 a.m., he was injured when Defendant Hill, who was driving Anne and Thomas McArthur's Lexus automobile, struck the rear tire of his bicycle as he rode through a cross walk at a traffic signal.  (Doc. 1 at 5).  According to Plaintiff, Defendant Hill continued rolling past the stop bar painted on the pavement at the intersection, crushing the rear

---

[1] Plaintiff has also sued Tom Ollinger and Lexus of North America/Toyota Motor Sales USA.  However, it does not appear that these Defendants have been served.

wheel of Plaintiff's bicycle and "stopp[ing] just before knocking [Plaintiff] to the ground." (Id. at 5). Following the accident, Defendant Hill got out of the vehicle, inspected the bicycle and the car, and then left. (Id.). Hill was later charged with leaving the scene of an accident. (Id. at 5, 10).

In his Complaint, Plaintiff sues Defendants for conspiracy, fraud, bad faith, and negligence, which he describes as: "the fraudulent denial of an insurance claim, conspiracy to defraud, and for the arbitrary and capricious refusal to pay an insurance claim that the defendants knew well that they had an obligation to pay and the request for damages caused by the negligent operation of a motor vehicle." (Id. at 1). Plaintiff seeks $1,000,000.00 from each Defendant for his "losses, damages, pain, suffering, emotional distress and harms to [his] life and credit rating." (Id. at 26).

On October 29, 2009, and November 25, 2009, Defendants filed Motions to Dismiss Plaintiff's action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Docs. 17, 35). Plaintiff filed a response in opposition to the Motions to Dismiss on October 30, 2009 (Doc. 24). Defendant filed a Reply on November 19, 2009. (Doc. 33). Plaintiff filed a sur-reply on December 17, 2009. (Doc. 46). Defendants' motions and Plaintiff's opposition thereto are now before the Court.

## II. RULE 12(b)(1) MOTION TO DISMISS STANDARD

Federal courts are courts of limited subject matter jurisdiction and have the power to decide only certain types of cases. Beavers v. A.O. Smith Elec. Prods. Co., 265 Fed. Appx. 772, 777 (11th Cir. 2008) (citing Morrison v. Allstate Indemnity Co., 228 F.3d 1255 (11th Cir. 2000)).

> While Article III of the Constitution sets the outer boundaries of that power, it also vests Congress with the discretion to determine

>whether, and to what extent, that power may be exercised by lower federal courts. Consequently, lower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction, and once a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction.

Id. (quoting Morrison, 228 F.3d at 1260-61).

"'A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises.'" Id. (quoting Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1328 n. 4 (11th Cir. 1999)). "'If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.'" Id. (quoting Fed. R. Civ. P. 12(h)(3); Morrison, 228 F.3d at 1261).

### III. DISCUSSION

Plaintiff asserts in his Complaint that jurisdiction over his claims is conferred upon this Court by virtue of 28 U.S.C. § 1332, diversity of citizenship, and 28 U.S.C. § 1331, federal question jurisdiction. (Doc. 1 at 3). Turning, first, to Plaintiff's assertion of diversity jurisdiction under § 1332, "[d]iversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." Beavers, 265 Fed. Appx. at 777 (citations omitted). "Diversity jurisdiction 'requires complete diversity-every plaintiff must be diverse from every defendant.'" Id. (quoting Palmer v. Hosp. Auth., 22 F.3d 1559, 1564 (11th Cir. 1994)). "'Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.'" Id. (citations omitted).

Because Plaintiff is proceeding *pro se*, the Court liberally construes his allegations. See Harris v. United Auto. Ins. Group, Inc., 579 F.3d 1227, 1231 n.2 (11th Cir. 2009). The foregoing

3

notwithstanding, Plaintiff still has the burden of "'affirmatively alleg[ing] facts demonstrating the existence of jurisdiction.'" Beavers, 265 Fed. Appx. at 777 (citations omitted).

In his Complaint, Plaintiff completely fails to address the citizenship of the parties. Rather, Plaintiff simply alleges that he, as well as Defendants Bobby Hill[2] and Thomas and Anne McArthur, *reside* in Mobile, Alabama. (Doc. 1 at 6-7, 26-28). Similarly, Plaintiff fails to allege any facts related to the citizenship of Defendants Craig Mathews, W.R. Umeck, Springhill Toyota/Lexus of Mobile, or Zurich North American Insurance Company.[3] (Id. at 11, 16, 24, 29). Far from establishing diversity, Plaintiff's allegations, if anything, suggest that he and several of the Defendants may all be citizens of the State of Alabama, which would destroy diversity. In any event, Plaintiff has failed to meet his burden of establishing diversity of citizenship jurisdiction under § 1332.

Similarly, with respect to federal question jurisdiction under § 1331, Plaintiff has failed

---

[2] With respect to Defendant Bobby Hill, Plaintiff adds that Hill is employed in Mobile, Alabama, and has an Alabama driver's license. (Doc. 1 at 22, 27).

[3] 28 U.S.C. § 1332(c) provides:

> (1) a corporation shall be deemed to be a citizen of any State by which it is incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business. (Emphasis added).

While Plaintiff alleges that the corporate defendants are doing business in Alabama, it is indiscernible from Plaintiff's Complaint whether they are incorporated in the State of Alabama or have their principal places of business in Alabama.

to establish that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To the contrary, Plaintiff's Complaint alleges, at most, state law causes of action for fraud, conspiracy, bad faith, and negligence. (Doc. 1 at 1).

In his Response to Defendants' Motions to Dismiss, Plaintiff now seeks leave to amend his Complaint to add a federal cause of action against Defendants for conspiracy to violate his Sixth Amendment right to access to the courts. (Doc. 24 at 9). Plaintiff bases his Sixth Amendment claim on allegations that Defendants assisted Hill in his attempt "to defeat the [state court] criminal charges" brought against him for leaving the scene of the accident involving the Plaintiff. (Id. at 5-7). According to Plaintiff, by aiding Hill in his criminal proceedings, such as by supplying Hill with a copy of an interview with an eye witness to the accident and by hiding Hill's place of employment to create delay in the criminal case, Defendants were denying Plaintiff "access to the courts to seek redress in the matter at bar." (Id. at 7). Furthermore, by "conspir[ing] with one another or all the others to prevent [Plaintiff] from receiving any compensation," Defendants also denied Plaintiff access to the courts. (Id. at 7-8). This argument in support of allowing Plaintiff to amend his Complaint is unpersuasive for two reasons.

First, Plaintiff's allegations that he was denied access to the courts as a result of Defendants conspiring to render assistance to Defendant Hill in his criminal prosecution and by conspiring to prevent Plaintiff from receiving any compensation are vague and conclusory and do not state a claim for relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. __, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009)).

> Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. Ashcroft v.

> Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. Id.; see also Iqbal, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").
>
> A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. See Iqbal, 129 S. Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561-62, 570, 127 S. Ct. 1955, 1968-69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In Twombly, the Supreme Court emphasized a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S. Ct. at 1964-65 (internal citations and emphasis omitted).
>
> More recently, in Iqbal, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. Id. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.

Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260-61 (11th Cir. 2009).

Second, assuming that Plaintiff's allegations were well-pled, the Sixth Amendment applies only to criminal proceedings. Barbour v. Haley, 471 F.3d 1222, 1230-31 (11th Cir. 2006) (citing Wolff v. McDonnell, 418 U.S. 539, 576 (1974)). Therefore, to the extent that Plaintiff seeks to amend his Complaint to assert a Sixth Amendment claim for denial of access to the courts in a civil matter, the claim "is insubstantial and frivolous." Kinsey v. King, 257 Fed. Appx. 136, 138 (11th Cir. 2007) (unpublished)[4] ("With regard to the Kinseys' claims against [their former attorney], to the extent that they assert a claim under the Sixth Amendment, such a claim is insubstantial and frivolous because '[t]he Sixth Amendment applies only to criminal proceedings.'").

While the Court will construe Plaintiff's allegations liberally, the Court will not serve as "*de facto* counsel" for Plaintiff nor "rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). If the Court were to allow Plaintiff to amend his Complaint to add the Sixth Amendment claim that he has alleged in his Response, under the Iqbal standard, it would be due to be dismissed for failure to state a claim upon which relief could be granted. See Iqbal, 129 S. Ct. at 1949-50; Fed. R. Civ. P. 12(b)(6). Thus, Plaintiff's request for leave to amend his Complaint to add his alleged Sixth Amendment denial of access to courts claim (Doc. 24) is due to be denied. Having failed to raise an issue of federal law, there is no basis for jurisdiction under § 1331.

## IV. CONCLUSION

---

[4] "Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." Lanier Constr., Inc. v. Carbone Props. of Mobile, LLC, 253 Fed. Appx. 861, 865, 2007 WL 3307384, *3 n.5 (11th Cir. 2007) (unpublished).

Based upon the foregoing, it is recommended that Defendants' Motions to Dismiss (Docs. 17 and 35) be granted and that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  It is further recommended that the parties' remaining pending motions[5] (Docs. 26, 38, 39, 40, 43) be denied as moot.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 18th day of December, 2009.

>/s/ Katherine P. Nelson
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

[5] Those motions are: Plaintiff's "Petition to Resolve the Appearance of a Conflict of Interest" (Doc. 26); Plaintiff's "Petition for Sanctions Against Attorney Cassandra J. Harris and to Call for an Investigation into her Relationship with her Client Mr. Bobby Labarry Hill" (Doc. 38); Defendants' "Motion to Strike Plaintiff's Petition for Sanctions Against Attorney Harris and to Call for an Investigation into Relationship with Client (Doc. 39); Plaintiff's Petition . . . to Order the United States Marshals Service to Serve the Defendant Lexus of North America/Toyota Motor Sales USA . . . . (Doc. 40); and Plaintiff's Petition . . . to Reconsider, and Vacate, its Order Denying [Plaintiff's] Request to Stay the November 30, 2009, Order. . . . (Doc. 43).

MAGISTRATE JUDGE'S  EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.      <u>Objection</u>.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      <u>Transcript (applicable where proceedings tape recorded)</u>.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

        DONE this <u>18th</u> day of December, 2009.
                                /s/ Katherine P. Nelson
                                **UNITED STATES MAGISTRATE JUDGE**

9