IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL HENRY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION 09-00654-CG-N |
| | ) | |
| BOBBY LEBARRY HILL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

This action has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and is before the Court on a Motion to Dismiss (doc. 48) filed by Thomas P. Ollinger, a Defendant herein. After consideration of the pleadings, and for the reasons set forth below, it is recommended that Defendant Ollinger's Motion to Dismiss be **GRANTED**.

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Michael Henry Smith, commenced the present action against the above-named Defendants on October 6, 2009 .[1] (Doc. 1). In his Complaint, Plaintiff alleges that, on July 24, 2008, at approximately 9:40 a.m., he was injured when Defendant Bobby Hill, who was driving Anne and Thomas McArthur's Lexus automobile, struck the rear tire of his bicycle as he rode through a cross walk at a traffic signal. (Doc. 1 at 5). According to Plaintiff, Defendant Hill continued rolling past the stop bar painted on the pavement at the intersection, crushing the rear wheel of Plaintiff's bicycle and "stopp[ing] just before knocking [Plaintiff] to the ground." (Id. at 5). Following the accident, Defendant Hill got out of the vehicle, inspected the bicycle and

---

[1] Plaintiff has also sued Lexus of North America/Toyota Motor Sales USA. However, it does not appear that this Defendant has been served.

the car, and then left. (Id.).  Hill was later charged with leaving the scene of an accident.  (Id. at 5, 10).

In his Complaint, Plaintiff sues Defendants for conspiracy, fraud, bad faith, and negligence, which he describes as: "the fraudulent denial of an insurance claim, conspiracy to defraud, and for the arbitrary and capricious refusal to pay an insurance claim that the defendants knew well that they had an obligation to pay and the request for damages caused by the negligent operation of a motor vehicle."  (Id. at 1).  Plaintiff seeks $1,000,000.00 from each Defendant for his "losses, damages, pain, suffering, emotional distress and harms to [his] life and credit rating." (Id. at 26).

On December 21, 2009, Defendant Ollinger filed his Motion to Dismiss Plaintiff's action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  (Doc. 48). By Order entered December 22, 2009 (doc. 49), Plaintiff was directed to file his response in opposition to this Motion to Dismiss by January 5, 2010.  Plaintiff has neither filed any response nor sought an extension of time within which to file such a response.[2]  Defendant Ollinger's motion is, therefore, now before the Court unopposed.

## II. RULE 12(b)(1) MOTION TO DISMISS STANDARD

Federal courts are courts of limited subject matter jurisdiction and have the power to decide only certain types of cases.  Beavers v. A.O. Smith Elec. Prods. Co., 265 Fed. Appx. 772, 777 (11th Cir. 2008) (citing Morrison v. Allstate Indemnity Co., 228 F.3d 1255 (11th Cir. 2000)).

---

[2] On December 29, 2009 plaintiff filed a motion requesting a thirty day extension of time in which to file objections to an earlier Report and Recommendation entered by the undersigned on December 18, 2009 recommending that similar motions to dismiss filed by Defendants, W.R. Umeck, Zurich North American Insurance Company, Bobby Hill, Craig Matthews, Springhill Toyota/Lexus of Mobile, Thomas McArthur, and Anne McArthur be granted.  (See Docs. 47, 50) Plaintiff's motion for extension of time to file his objections was granted on December 30, 2009. (Doc. 52)

2

> While Article III of the Constitution sets the outer boundaries of that power, it also vests Congress with the discretion to determine whether, and to what extent, that power may be exercised by lower federal courts. Consequently, lower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction, and once a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction.

Id. (quoting Morrison, 228 F.3d at 1260-61).

"'A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises.'" Id. (quoting Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1328 n. 4 (11th Cir. 1999)). "'If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.'" Id. (quoting Fed. R. Civ. P. 12(h)(3); Morrison, 228 F.3d at 1261).

### III. DISCUSSION

Plaintiff asserts in his Complaint that jurisdiction over his claims is conferred upon this Court by virtue of 28 U.S.C. § 1332, diversity of citizenship, and 28 U.S.C. § 1331, federal question jurisdiction. (Doc. 1 at 3). Turning, first, to Plaintiff's assertion of diversity jurisdiction under § 1332, "[d]iversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." Beavers, 265 Fed. Appx. at 777 (citations omitted). "Diversity jurisdiction 'requires complete diversity-every plaintiff must be diverse from every defendant.'" Id. (quoting Palmer v. Hosp. Auth., 22 F.3d 1559, 1564 (11th Cir. 1994)). "'Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.'" Id. (citations omitted).

Because Plaintiff is proceeding *pro se*, the Court liberally construes his allegations. See Harris v. United Auto. Ins. Group, Inc., 579 F.3d 1227, 1231 n.2 (11th Cir. 2009). The foregoing

3

notwithstanding, Plaintiff still has the burden of "'affirmatively alleg[ing] facts demonstrating the existence of jurisdiction.'"  Beavers, 265 Fed. Appx. at 777 (citations omitted).

In his Complaint, Plaintiff completely fails to address the citizenship of the parties. Rather, Plaintiff simply alleges that he, as well as Defendants Bobby Hill[3] and Thomas and Anne McArthur, *reside* in Mobile, Alabama.  (Doc. 1 at 6-7, 26-28).  Plaintiff also alleges simply that Defendant Ollinger is "an attorney practicing law in Mobile, Alabama" (*Id.* at 21) who "represented the Lexus Dealer" (*Id.* at 12) and has his office located in Mobile, Alabama (*Id.* at 28).  Similarly, Plaintiff fails to allege any facts related to the citizenship of Defendants Craig Mathews, W.R. Umeck, Springhill Toyota/Lexus of Mobile, or Zurich North American Insurance Company.[4]  (*Id.* at 11, 16, 24, 29).  Far from establishing diversity, Plaintiff's allegations, if anything, suggest that he and several of the Defendants may all be citizens of the State of Alabama, which would destroy diversity.  In any event, Plaintiff has failed to meet his burden of establishing diversity of citizenship jurisdiction under § 1332.

Similarly, with respect to federal question jurisdiction under § 1331, Plaintiff has failed

---

[3] With respect to Defendant Bobby Hill, Plaintiff adds that Hill is employed in Mobile, Alabama, and has an Alabama driver's license.  (Doc. 1 at 22, 27).

[4] 28 U.S.C. § 1332(c) provides:

> (1) a corporation shall be deemed to be a citizen of any State by which it is incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business. (Emphasis added).

While Plaintiff alleges that the corporate defendants are doing business in Alabama, it is indiscernible from Plaintiff's Complaint whether they are incorporated in the State of Alabama or have their principal places of business in Alabama.

4

to establish that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To the contrary, Plaintiff's Complaint alleges, at most, state law causes of action for fraud, conspiracy, bad faith, and negligence. (Doc. 1 at 1).

As stated above, Plaintiff has not filed an opposition to Defendant's motion to dismiss or sought an extension of time within which to do so. To the extent Plaintiff intended to respond in the manner he responded (doc. 24) to the two similar motions to dismiss filed previously by the other defendants in this action (docs. 17, 35), the undersigned would apply the same rationale regarding Plaintiff's argument as set forth in the Report and Recommendation entered on December 18, 2009 (doc. 47 at 5-7) and would nonetheless recommend that Defendant Ollinger's Motion to Dismiss be granted.

## IV. CONCLUSION

Based upon the foregoing, it is recommended that Defendant Ollinger's Motion to Dismiss (Doc. 48) be granted and that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 25th day of January, 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S  EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      Objection.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      Transcript (applicable where proceedings tape recorded).  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 25th  day of January, 2010.

                                /s/ Katherine P. Nelson
                                **UNITED STATES MAGISTRATE JUDGE**